UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTEE ROBINSON,

    Plaintiff,

        v.       CAUSE NO. 3:25-CV-565-HAB-SLC

BESSIE LEONARD,

    Defendant.

## OPINION AND ORDER

Dontee Robinson, a prisoner without a lawyer, filed a complaint alleging he is being denied access to the law library. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Robinson alleges he is in restrictive housing and cannot go to the library. He sues the law librarian and seeks injunctive relief. There is no "abstract, freestanding right" to the law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). State actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access, goes no further than access.

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . .. These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . .. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them.

*Lewis*, 518 U.S. at 354. *Lewis* only requires that an inmate be given access to file a complaint or appeal. As the Seventh Circuit has explained, "[t]he right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (cleaned up).

In the complaint, Robinson says he has an appeal deadline in State court. That shows he was not denied access to the courts. Robinson's filing of this complaint demonstrates he was able to access the court. There is no indication he has been denied access to the courts. His allegation that he cannot litigate effectively without access to the law library does not state a claim. Robinson filed a motion asking for a preliminary injunction, but it must be denied because his complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the motion for preliminary injunction (ECF 2) is DENIED and this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 1, 2025.

                                            s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT JUDGE